FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 13, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN M. TAYLOR, | No. 2:26-CV-00016-RLP |
| Plaintiff, | ORDER DISMISSING COMPLAINT; DENYING AS MOOT MOTION FOR APPOINTMENT OF PRO BONO COUNSEL |
| v. | |
| THE FEDS, | |
| Defendant. | |

Before the Court is Plaintiff John M. Taylor's Complaint, ECF No. 1, and

Motion for Appointment of Pro Bono Counsel, ECF No. 5. Mr. Taylor is appearing

*pro se*. Mr. Taylor seeks monetary damages and injunctive relief. *Id*. at 7. By

separate Order the Court has granted Mr. Taylor leave to proceed *in form pauperis*.

ECF No. 4. Defendant has not been served.

## LEGAL STANDARD

A plaintiff proceeding *in forma pauperis* under 28 U.S.C. § 1915 is subject

to *sua sponte* review of his or her complaint, and mandatory dismissal, if the

ORDER DISMISSING COMPLAINT; DENYING AS MOOT MOTION FOR
APPOINTMENT OF PRO BONO COUNSEL -- 1

complaint is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 575 U.S. 532, 537-38, 135 S. Ct. 1759, 1763 (2015); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim."). "Review is limited to the contents of the complaint." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989), *superseded by statute on other grounds as stated in Lopez*, 203 F.3d at 1126-27; *Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327, 109 S.Ct. 1827, 1833. The critical inquiry is whether a claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez*, 203 F.3d at 1130-31; *Franklin*, 745 F.2d at 1227.

The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.

ORDER DISMISSING COMPLAINT; DENYING AS MOOT MOTION FOR APPOINTMENT OF PRO BONO COUNSEL -- 2

Ct. 1937, 1950 (2009). Mere legal conclusions "are not entitled to the assumption of truth." *Id*. The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

Pro se complaints are entitled to a liberal interpretation. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). In giving liberal interpretation to a *pro se* complaint, however, the court may not supply essential elements of a claim that were not initially pled. *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011).

The Court finds that Mr. Taylor has failed to state facts which "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

Mr. Taylor's claims are difficult to decipher. Although he names "The Feds" as the only Defendant to this action, he appears to allege that metropolis police "allow[ed] things to get out of control" in 2006. ECF No. 1 at 4-5. The remainder of Mr. Taylor's Complaint consists of vague and conclusory statements unsupported by any facts.

ORDER DISMISSING COMPLAINT; DENYING AS MOOT MOTION FOR APPOINTMENT OF PRO BONO COUNSEL -- 3

STATUTE OF LIMITATIONS

Liberally construing the Complaint, it appears that Mr. Taylor's claims are time-barred. Dismissal is proper on the ground a claim is barred by the applicable statute of limitations if the running of the limitations period is apparent on the face of the complaint. *See Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21 (2007) ("If the allegations ... show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]"); *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000).

Although the majority of Mr. Taylor's assertions in the Complaint are indecipherable, he clearly lists the "Date(s) of occurrence" as "In 2006[.]" ECF No. 1 at 4. The applicable statute of limitations for § 1983 claims under Washington law is three years. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002); *Millay v. Cam*, 955 P.2d 791, 797 (Wash. 1998) (requiring "bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff," for equitable tolling to apply). Additionally, "[a] federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (internal quotations omitted).

Mr. Taylor filed this action on January 15, 2026. ECF No. 1. Thus, absent an

ORDER DISMISSING COMPLAINT; DENYING AS MOOT MOTION FOR APPOINTMENT OF PRO BONO COUNSEL -- 4

applicable exception, the relevant statute of limitations bars any claims that accrued before January 15, 2023. Therefore, Mr. Taylor's claims are barred by the applicable statute of limitations.

## FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2)

As noted above, Mr. Taylor's Complaint is largely indecipherable. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Mr. Taylor's Complaint does not contain a short and plain statement showing that he is entitled to relief on his claims and therefore does not comply with Rule 8(a)(2). He does not provide any facts showing that he is entitled to any sort of relief, nor does he identify any Defendant. He simply lists Defendant as "The Feds." ECF No. 1 at 1-2. Mr. Taylor has not plead factual allegations against any Defendant that states a plausible claim for relief.

## DISMISSAL

The Court is mindful that "[a] district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment,'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204

ORDER DISMISSING COMPLAINT; DENYING AS MOOT MOTION FOR APPOINTMENT OF PRO BONO COUNSEL -- 5

(9th Cir. 1988) (per curiam)). Affording Mr. Taylor's Complaint the most liberal construction, the Court finds that it is clear the deficiencies of his Complaint could not be cured by amendment, as he alleges the basis for his claims occurred twenty years ago.

Accordingly, the Court will not allow Mr. Taylor leave to amend his complaint. His Complaint is dismissed with prejudice.

**ACCORDINGLY, IT IS ORDERED:**

1.    Mr. Taylor's Complaint, **ECF No. 1**, is **DISMISSED** with prejudice and without leave to amend.

2.    Mr. Taylor's Motion for Appointment of Pro Bono Counsel, **ECF No. 5**, is **DENIED as moot**.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order, enter judgment of dismissal with prejudice, provide copies to Mr. Taylor, and **close** the file.

DATED April 13, 2026.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING COMPLAINT; DENYING AS MOOT MOTION FOR APPOINTMENT OF PRO BONO COUNSEL -- 6